# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KIRBY HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV853 CDP |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of an amended complaint by plaintiff, an inmate at Potosi Correctional Center.  Plaintiff has already been granted leave to proceed in this civil rights action as a pauper, pursuant to 28 U.S.C. § 1915. Based upon a review of the amended complaint[1], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

---

[1] On June 11, 2012, the Court granted plaintiff in forma pauperis status and reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's complaint failed to state a claim upon which relief could be granted.  However, the Court provided plaintiff with an opportunity to amend his complaint to correct his pleading deficiencies.  The amended complaint is now subject to review pursuant to § 1915.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to

relief." Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Potosi Correctional Center, brings this action for monetary damages and injunctive relief, under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment, against Correctional Medical Services ("CMS") and several of its doctors:  Unknown Singh (Doctor), Unknown Perry (Doctor) and Alfred Garcia (Doctor).

Plaintiff alleges that he suffers from lupus and that he has a painful rash on his back.  Plaintiff claims that he has been prescribed various medications for his rash, but that these medications have not been successful in treating his condition.  He claims that defendants Perry and Garcia told him that there was a medication that could help him but that they could not prescribe him the medication because it was too expensive.  Plaintiff has not made any specific allegations against defendant Singh.

## Discussion

The amended complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in

which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case Correctional Medical Services. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The amended complaint fails to state a claim against the CMS employees because it does not allege that a policy or custom of CMS is responsible for the alleged constitutional violations. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of August, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE